UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between<br><br>CONOPCO, INC.<br><br>                                    Petitioner,<br><br>vs.<br><br>LORNAMEAD BRANDS, INC.,<br><br>                                    Respondent. | Civil Action No. 07-Civ- 9458<br><br>JUDGE SAND |

**PETITION OF CONOPCO, INC. TO CONFIRM ARBITRATION AWARD**

Petitioner Conopco, Inc. ("Conopco"), by its undersigned attorneys, brings this application pursuant to 9 U.S.C. § 9 to confirm a October 12, 2007, arbitration award (the "Award") in the arbitration of <u>Conopco, Inc. v. Lornamead Brands, Inc.</u> (October 12, 2007) (KPMG Arb.). In support of this application, Petitioner relies upon, and incorporates herein by reference, the declaration of John E. Beerbower and exhibits attached thereto and Conopco's Memorandum of Law in Support of the Petition to Confirm Arbitration Award (hereinafter "Conopco's Memorandum of Law"), which are being filed contemporaneously with this Petition. In further support of this application, Petitioner asserts as follows:

**Parties**

1. Petitioner Conopco, Inc. is a corporation organized and existing under the laws of the State of New York. Its principal place of business is located at 700

Sylvan Avenue, Englewood Cliffs, New Jersey. Conopco is an indirectly owned subsidiary of Unilever N.V. and Unilever PLC (collectively, the "Unilever Group").

2. Respondent Lornamead Brands, Inc. ("Lornamead") is a corporation organized and existing under the laws of the State of Delaware. Its principal place of business is located at 5 High Ridge Office Park, Stamford, Connecticut.[1]

### Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1332(a)(1) because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The parties have consented to the jurisdiction of this Court pursuant to the Asset Purchase Agreement entered into by the parties on March 24, 2006 ("Agreement"). Section 11.10 of the Agreement provides:

> Each party irrevocably agrees that any legal action, suit or proceeding against them arising out of or in connection with this Agreement or the transactions contemplated by this Agreement or disputes relating hereto (whether for breach of contract, tortious conduct or otherwise) shall be brought exclusively in the United States District Court for the Southern District of New York, or, if such court does not have subject matter jurisdiction, the state courts of New York located in New York County and hereby irrevocably accepts and submits to the exclusive jurisdiction and venue of the aforesaid courts *in personam*, with respect to any such action, suit or proceeding.

5. Venue is proper in the Southern District of New York under 9 U.S.C. § 9 because the Agreement does not specifically identify a court for confirming the award made pursuant to the arbitration, and the parties have consented to and provided for venue here.

---

[1] Lornamead recently relocated its headquarters from Tonawanda, New York to Stamford, Connecticut. It still retains a manufacturing facility in Tonawanda, New York.

## Facts

6. On March 24, 2006, Conopco and Lornamead entered into the Agreement whereby Conopco agreed to sell and Lornamead agreed to buy certain hair care product businesses, including Finesse and Aqua Net, to be added to Lornamead's portfolio of health and beauty products. The Agreement was amended and the transaction closed on April 26, 2006.

7. The Agreement specifies that the Agreement and any disputes related to it are governed by New York law. (Agreement § 11.09, Declaration of John E. Beerbower in Support of Conopco's Petition to Confirm the Arbitration Award ("Beerbower Decl.") Ex. 1.)

8. Pursuant to Section 5.06 of the Agreement, Lornamead was to make certain additional payments to Conopco that depended on the calculation of the calendar year 2006 financial results of the Finesse business. The Agreement further provides that if a dispute arose as to the calculation of the payment, the parties would submit the dispute to a mutually selected independent expert to determine the amount owed. Section 5.06(d)(ii) provides: "the determination of the [ ] Independent Expert shall constitute an arbitral award that is final, binding and non appealable and upon which a judgment may be entered by a court having jurisdiction thereover". (Agreement § 5.06, Beerbower Decl. Ex. 1.)

9. A dispute arose between the parties as to calculation of the payments. Pursuant to the Agreement, the parties submitted the dispute to KPMG LLP ("KPMG").

10. On October 12, 2007, KPMG issued an Final Determination and Award ("Award") that requires Lornamead to pay Conopco $5,564,302.99. (Beerbower Decl. Ex. 2.)

11. The Agreement requires the payment to be made within 5 business days of the "final and binding" determination of the amount due. (Agreement § 5.06(e), Beerbower Decl. Ex. 1.) Accordingly, payment was due by October 19, 2007. On October 17, 2007, Lornamead wrote to Conopco acknowledging that the Award was "a final, non-appealable determination". (Beerbower Decl. Ex. 3.) On October 19, Lornamead made a wire payment of $3,014,644.49. (Beerbower Decl. Ex. 4.) That payment was $2,549,658.50 less than the amount of the award.

### Demand for Relief

WHEREFORE, Conopco respectfully requests that:

1. This Court enter an order confirming the Arbitrator's October 12, 2007 Award;

2. This Court enter judgment against Lornamead in the amount of $2,549,658.50;

3. This Court award Conopco prejudgment interest at the statutory rate under New York law for the period commencing October 19, 2007;

4. This Court award Conopco any additional relief that the Court deems just and proper.

Dated: October 23, 2007

CRAVATH, SWAINE & MOORE LLP,

by _____
    John E. Beerbower
    Member of the Firm

Attorneys for Petitioner Conopco, Inc.
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000