

| | |
|---|---|
| KPMG LLP<br>Suite 2000<br>303 Peachtree Street, NE<br>Atlanta, GA 30308-3210 | Telephone  404.222.3000<br>Fax  404.222.3050<br>Internet  www.us.kpmg.com |

October 12, 2007

Mr. Paul McMahon
Unilever United States, Inc.
700 Sylvan Avenue
Englewood Cliffs, NJ 07632

And

Mr. George Russell
Lornamead Brands, Inc.
5 High Ridge Office Park
Stamford, CT 06905

Mr. Alan J. Laurita, Esq.
Harris Beach, LLC
726 Exchange Street
Buffalo, NY 14210

Re:   **Arbitration in accordance with the procedures to resolve the Disputed Items described in Section 5.06 of the Asset Purchase Agreement (the "Agreement"), dated as of March 24, 2006, by and among Lornamead Brands, Inc. ("Lornamead" or "Buyer"), and Conopco, Inc. ("Unilever" or "Seller").**

Gentlemen:

This document constitutes my arbitration report in this matter.

## I. INTRODUCTION

KPMG LLP ("KPMG") was retained, as the designated Auditor for Resolution of Disputed Items (hereinafter referred to as "Arbitrator"), pursuant to the terms of our engagement letter dated May 10, 2007, and the aforesaid Agreement, to serve as Arbitrator and to render a final and binding determination in the dispute between the aforesaid Buyer and Seller (the "Parties") concerning the disputed computation of the 2006 calendar year Finesse U.S. Based Sales (the "Disputed Items") and it's impact on the determination of the Finesse Payment Statement arising under Section 5.06 of the Agreement. Attached hereto as Appendix A is the calculation for the Finesse Payment Statement.



Mr. Paul McMahon
Mr. George Russell
Mr. Alan Laurita, Esq.
October 12, 2007
Page 2

This report states KPMG's final determination regarding the dollar amount to be awarded with respect to each of the Disputed Items. This report is to be used solely for the purposes of the subject arbitration and is not to be used or relied upon for any other purpose without the express written consent of KPMG.

KPMG's determination is based upon the submissions and exhibits presented by the Parties. This determination relates only to the amount or range of Disputed Items defined above, and does not address other issues.

## II. INFORMATION CONSIDERED

All relevant material received from the Parties was considered and included the submissions, exhibits and other written information provided by the Parties in this matter. To the extent it was judged to be relevant to the evaluation the relevant United States Generally Accepted Accounting Principles (U.S. GAAP) were considered. The information supplied by the Parties was relied upon without audit or verification. Information furnished was considered to be complete and accurate. Furthermore, the scope of our engagement and procedures did not constitute an Attest Engagement[1] as the American Institute of Certified Public Accountants (AICPA) defines that term. This engagement was performed pursuant to the Standards for Consulting Services[2] as promulgated by the AICPA.

## III. SCOPE OF REPORT

KPMG assumed that the Agreement was a valid and enforceable contract. In the role of Arbitrator, the scope of the dispute to be resolved by KPMG, is defined by the Agreement, Section 5.06 as follows:

Additional Payments.

   (a) Definitions. For the purposes of this Agreement:

   "2006 Fixed Payment" means $4,250,000.

---

[1] AICPA Statement of Standards for Attest Engagement (AT 101)
[2] AICPA Statement of Standards for Consulting Services (CS 100)

**KPMG**

Mr. Paul McMahon
Mr. George Russell
Mr. Alan Laurita, Esq.
October 12, 2007
Page 3

"2006 Calendar Year" means the year ended December 31, 2006.

"2006 Variable Payment" means 50% of the amount by which the Finesse U.S. Based Sales for the 2006 Calendar Year exceed $27,500,000.

"Finesse U.S. Based Sales" means the net sales of the Finesse Brand, as determined in accordance with GAAP, (i) in the United States and (ii) arising from any export from the United States to any other country.

"Finesse Payments" means, collectively, the 2006 Fixed Payment and the 2006 Variable Payment.

(b) Finesse Payment. If the Finesse U.S. Based Sales for the 2006 Calendar Year exceed $27,500,000, Purchaser shall pay to Seller the sum of (i) the 2006 Fixed Payments plus (ii) the 2006 Variable Payment

(c) Calculation of Payments. No later than February 15, 2007, Purchaser shall prepare and deliver to Seller a written statement (the "Finesse Payment Statement") (i) setting forth the Finesse U.S. Based Sales for the 2006 Calendar year, including a detailed analysis of how such Finesse U.S. Based Sales were derived, (ii) setting forth the Finesse Payment for the 2006 Calendar Year, including how such Finesse Payment was calculated, (iii) certified by the chief financial officer of Purchaser and (iv) certified by Purchaser's independent auditor in a written agreed upon procedures report of such firm.

(d) Objections; Resolution of Disputes.

    (i) Unless Seller notifies Purchaser in writing within 30 days after Purchaser's delivery of the Finesse Payment Statement of any objection to the computation of Finesse U.S. Based Sales or the calculation of the Finesse Payment set forth therein (a "Finesse Notice of Objection"), such Finesse Payment Statement shall become final and binding. During such 30 day period Seller and its representatives shall be permitted to review the working papers of Purchaser relating to such Finesse Payment Statement. Any Finesse Notice of Objection shall specify in reasonable detail the basis for the objections set forth therein.


Mr. Paul McMahon
Mr. George Russell
Mr. Alan Laurita, Esq.
October 12, 2007
Page 4

    (ii) If Seller provides the Finesse Notice of Objection to Purchaser within such 30 day period, Seller and Purchaser shall, during the 15-day period following the Purchaser's receipt of such Finesse Notice of Objection, attempt in good faith to resolve the Seller's objections. During such 15-day period, Purchaser and its representatives shall be permitted to review the working papers of Seller relating to the Finesse Notice of Objection. If Seller and Purchaser are unable to resolve all such objections within such 15-day period, the matters remaining in dispute shall be submitted to KPMG LLP (or, if such firm declines to act, to another internationally recognized public accounting firm mutually agreed upon by the Seller and Purchaser and, if Seller and Purchaser are unable to so agree within 10 days after the end of such 15-day period, then Seller and Purchaser shall each select such a firm and such firms shall jointly select a third internationally recognized firm to resolve the disputed matters (such selected firm being the "<u>Finesse Independent Expert</u>")). Seller and Purchaser shall instruct the Finesse Independent Expert to render its reasoned written decision as promptly as practicable but in no event later than 60 days after its selection. The resolution of disputed items by the Finesse Independent Expert shall be final and binding, and the determination of the Finesse Independent Expert shall constitute an arbitral award that is final, binding and non appealable and upon which a judgment may be entered by a court having jurisdiction thereover. The fees and expenses of the Finesse Independent Expert shall be borne equally by Seller and Purchaser. After the Finesse Payment Statement shall have become final and binding, Seller shall have no further right to make any claims against Purchaser in respect of the Finesse Payment set forth in such Finesse Payment Statement.

(e) <u>Time and Form of Payment.</u> Upon the later of (i) April 2, 2007 and (ii) 5 business days after the Finesse Payment Statement shall have become final and binding, Purchaser shall pay to Seller (or its designee) the Finesse Payment, if any, in U.S. dollars by wire transfer of immediately available funds to a bank account designated by Seller.

(f) <u>Seller's Right of Access.</u> Not more than once per calendar year, Purchaser shall afford or cause to be afforded to Seller and its affiliates and its and their accountants and other representatives (i) reasonable access during normal



Mr. Paul McMahon
Mr. George Russell
Mr. Alan Laurita, Esq.
October 12, 2007
Page 5

      business hours to the personnel, properties, books, contracts, commitments and records relating to the business of Purchaser and its affiliates in connection with Seller's review of each Finesse Payment Statement and (ii) the right to make copies of such books, contracts, commitments and records.

(g) <u>Monthly Net Sales Reports</u>. Within 15 days immediately following the end of each calendar month, from April 2006 to and including December 2006, Purchaser shall deliver to Seller a written statement setting forth the Finesse U.S. Based Sales for such calendar month.

## IV. <u>AWARD</u>

Based upon our evaluation of the information received from the parties relating to the proposed Finesse Payment Statement, KPMG has determined that the 2006 calendar year Finesse sales is $30,128,605.97 which exceeds the $27,500,000 threshold, therefore the Purchaser (Lornamead) shall pay to the Seller (Unilever) the Finesse Payment of $5,564,302.99.

The adjustments to arrive at Finesse U.S. Based Sales for the 2006 Calendar Year are summarized in Appendix B.

This letter serves as our final report and fulfills all the requirements of our engagement.

Respectfully submitted,

*KPMG LLP*

KPMG LLP



*Appendix A*

### Calculation for Finesse Payment Statement

|  | 2006 Finesse Sales | Finesse Payment |
|---|---|---|
| Finesse U.S. Based Sales for 2006 Calendar Year per KPMG | $30,128,605.97 | |
| Less Sales Threshold Amount | $27,500,000.00 | $4,250,000.00 |
| Amount of Excess (Variable Payment @ 50%) | $ 2,628,605.97 | $ 1,314,302.99 |
| **Total Finesse Payment** |  | **$5, 564,302.99** |

*Appendix B*

## Calculation for Finesse U.S. Based Sales for Calendar Year 2006

| Disputed Items | Per Unilever | Per Lornamead | Difference | KPMG |
|---|---|---|---|---|
| 2/15/07 Certified Sales Calculation | $ 27,396,802.08 | $ 27,396,802.08 | $ - | $ 27,396,802.08 |
| 2/15/07 Certified Actual Deductions | | | | $ 770,255.15 |
| Revised Actual Deductions* | | | | $ (1,447,366.37) |
| 2/15/07 Certified Accrued Deductions | | | | $ 1,324,022.20 |
| Revised Accrued Deductions* | | | | $ - |
| Revised sales calculation including updated Actual Deductions and Accrued Deductions per KPMG | | | | $ 28,043,713.06 |
| 1* | $ 340,187.19 | | $ 340,187.19 | $ - |
| 2* | $ 209,862.21 | | $ 209,862.21 | $ - |
| 3* | $ 31,443.47 | | $ 31,443.47 | $ - |
| 4* | $ 696.00 | | $ 696.00 | $ - |
| 5* | $ 4,903.36 | | $ 4,903.36 | $ - |
| 6* | $ 11,500.00 | | $ 11,500.00 | $ - |
| 7* | $ 90,143.30 | | $ 90,143.30 | $ - |
| 8 | $ 179,238.58 | | $ 179,238.58 | $ 179,238.58 |
| 9 | $ 383,060.00 | | $ 383,060.00 | $ 383,060.00 |
| 10 | $ 388,191.38 | | $ 388,191.38 | $ 388,191.38 |
| 11* | $ 3,189.10 | $ (985,321.51) | $ 988,510.61 | $ - |
| 12* | $ 147,274.59 | $ 959,220.00 | $ (811,945.41) | $ - |
| 13 | $ 800.00 | | $ 800.00 | $ - |
| 14 | $ 100,000.00 | | $ 100,000.00 | $ - |
| 15 | $ 1,027,315.00 | $ (97,468.00) | $ 1,124,783.00 | $ 1,049,691.67 |
| 16 | $ - | $ (250,000.00) | $ 250,000.00 | $ - |
| 17 | $ 88,639.00 | $ (1,015,800.00) | $ 1,104,439.00 | $ 88,639.00 |
| 18 | $ (3,927.72) | $ (44,553.00) | $ 40,625.28 | $ (3,927.72) |
| 19 | $ - | $ (222,000.00) | $ 222,000.00 | $ - |
| 20 | $ - | $ (2,499,047.00) | $ 2,499,047.00 | $ - |
| 21 | $ - | $ (47,523.00) | $ 47,523.00 | $ - |
| Subtotal | $ 3,002,515.46 | $ (4,202,492.51) | $ 7,205,007.97 | $ 2,084,892.91 |
| Finesse U.S. Based Sales for Calendar Year 2006 | $ 30,399,317.54 | $ 23,194,309.57 | $ 7,205,007.97 | $ 30,128,605.97 |

\*\* Please see Exhibit 1 for calculation of Revised Actual Deductions per KPMG.
 \* The revisions to Actual Deductions and Accrued Deductions resolves disputed items 1, 2, 3, 4, 5, 6, 7, 11, and 12.

*Exhibit 1*

**Actual Deductions Reconciliation**

| | | |
|---|---:|---:|
| Actual Deductions per Lornamead 5/25/07 | $ | 1,755,576.66 |
| | | |
| Returns included in Actual Deductions and not applied against the Returns Accrual | $ | (34,243.94) |
| Deductions Included in Actual Deductions and not applied against the Pre-November Trade Accrual | $ | (187,485.67) |
| Deductions included in Actual Deductions that had insufficient supporting documentation | $ | (59,980.71) |
| Deductions included in Actual Deductions that related to 2007 activities | $ | (3,990.16) |
| Deductions included in Actual Deductions that were not related to the Finesse Brand | $ | (22,509.81) |
| **Total Actual Deductions** | $ | **1,447,366.37** |