UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between<br><br>CONOPCO, INC.<br><br>         Petitioner,<br><br>    vs.<br><br>LORNAMEAD BRANDS, INC.,<br><br>         Respondent. | Civil Action No. 07-Civ-9458 (LBS)<br><br>ECF Case |

**CONOPCO'S MEMORANDUM OF LAW IN SUPPORT OF THE PETITION TO CONFIRM ARBITRATION AWARD**

John E. Beerbower
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

*Attorneys for Petitioner Conopco, Inc.*

October 23, 2007

Petitioner Conopco, Inc. ("Conopco") submits this memorandum in support of the petition, pursuant to 9 U.S.C. § 9, to confirm the October 12, 2007, Final Determination and Award in <u>Conopco, Inc. v. Lornamead Brands, Inc.</u> (October 12, 2007) (KPMG Arb.).

## PRELIMINARY STATEMENT

This action is a summary proceeding authorized by 9 U.S.C. § 9 to confirm an arbitration award issued October 12, 2007, that the parties agree is valid and binding. Confirmation of the award allows petitioner to collect the full payment due from respondent.

## STATEMENT OF FACTS

On March 24, 2006, Conopco and Lornamead Brands, Inc. ("Lornamead") entered into an Asset Purchase Agreement ("Agreement") whereby Conopco agreed to sell and Lornamead agreed to buy certain hair care product businesses, including Finesse and Aqua Net, to be added to Lornamead's portfolio of health and beauty products. The Agreement was amended and the transaction closed on April 26, 2006.

The Agreement specifies that the Agreement and any disputes related to it are governed by New York law. (Agreement § 11.09, Declaration of John E. Beerbower in Support of Conopco's Petition to Confirm the Arbitration Award ("Beerbower Decl.") Ex. 1.)

Pursuant to Section 5.06 of the Agreement, Lornamead was to make certain additional payments to Conopco that depended on the calculation of the calendar year 2006 financial results of the Finesse business. The Agreement further provides that

2

if a dispute arose as to the calculation of the payment, the parties would submit the dispute to a mutually selected independent expert to determine the amount owed. Section 5.06(d)(ii) provides: "the determination of the [ ] Independent Expert shall constitute an arbitral award that is final, binding and non appealable and upon which a judgment may be entered by a court having jurisdiction thereover". (Agreement § 5.06, Beerbower Decl. Ex. 1.)

A dispute arose between the parties as to calculation of the payments. Pursuant to the Agreement, the parties submitted the dispute to KPMG LLP ("KPMG"). On October 12, 2007, KPMG issued a Final Determination and Award ("Award") that requires Lornamead to pay Conopco $5,564,302.99. (Beerbower Decl. Ex. 2.) The Agreement requires the payment to be made within 5 business days of the "final and binding" determination of the amount due. (Agreement § 5.06(e), Beerbower Decl. Ex. 1.) Accordingly, payment was due by October 19, 2007. On October 19, Lornamead made a wire payment of $3,014,644.49. (Beerbower Decl. Ex. 4.) That payment was $2,549,658.50 less than the amount of the award.

**ARGUMENT**

A petition for confirmation of an arbitral award pursuant to Section 9 of the Federal Arbitration Act ("FAA") is proper where "the parties explicitly provided that 'judgment may be entered' on a final award by the arbitration tribunal". Ono Pharm. Co. v. Cortech, Inc., No. 03 Civ. 5840 SAS, 2003 WL 22481379, at *3 (S.D.N.Y. Nov. 3, 2003) (attached hereto as Exhibit A). The Agreement states: "the determination of the [ ] Independent Expert shall constitute an arbitral award that is final, binding and non

appealable and upon which a judgment may be entered by a court having jurisdiction thereover". (Agreement § 5.06(d)(ii), Beerbower Decl. Ex 1.)

Confirmation is a "summary proceeding that merely makes what is already a final arbitration award a judgment of the Court". Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984). "A court must grant an order to confirm an arbitral award upon a timely application, absent any of the specified improprieties". The Fairchild Corporation v. Aloca, Inc., No. 07 Civ. 6185, 2007 WL 2775141 (S.D.N.Y. Sep. 14, 2007) (citing 9 U.S.C. § 10) (attached hereto as Exhibit B). This motion is filed within one year of the arbitration award and the award is free of the improprieties specified in Section 10 and 11 of the FAA. Lornamead has not challenged the propriety of the award and has acknowledged it as final and non-appealable.

## CONCLUSION

For the foregoing reasons, the Court should grant Conopco's Petition to Confirm the Award. The Court should also enter judgment for Conopco in the amount of $2,549,658.50, along with prejudgment interest for the period beginning October 19, 2007, payable by Lornamead.

Dated:  October 23, 2007

                Respectfully submitted,

4

CRAVATH, SWAINE & MOORE LLP,

by _____
      John E. Beerbower
      Member of the Firm

Attorneys for Petitioner Conopco, Inc.
    Worldwide Plaza
      825 Eighth Avenue
        New York, NY 10019-7475
          (212) 474-1000