Not Reported in F.Supp.2d                                                                                                  Page 1
Not Reported in F.Supp.2d, 2003 WL 22481379 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Ono Pharmaceutical Co., Ltd. v. Cortech, Inc.
S.D.N.Y.,2003.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
ONO PHARMACEUTICAL CO., LTD., Petitioner,
v.
CORTECH, INC., Respondent.
**No. 03 Civ.5840 SAS.**

Nov. 3, 2003.

Licensor of technology relating to neutrophil elastase inhibitors commenced an arbitration seeking a declaration that the licensee was entitled to designate only one licensed compound as a back-up compound under the license agreement, and the licensee counterclaimed, seeking various declarations of its rights. Following entry of an arbitration award, the licensee sought confirmation. The District Court, Scheindlin, J., held that the award would be confirmed, even though the parties' agreement did not mandate court entry of an arbitration award, there was no indication that the parties would not honor the arbitral award, and the petition for confirmation came just before the end of the one-year statute of limitations.

Confirmed.

West Headnotes

[1] T ⚖︎354

25T Alternative Dispute Resolution
    25TII Arbitration
        25TII(H) Review, Conclusiveness, and Enforcement of Award
            25Tk353 Confirmation or Acceptance by Court
                25Tk354 k. In General. Most Cited Cases
    (Formerly 33k72.1 Arbitration)
Arbitration award would be confirmed, despite claim that the parties' agreement did not mandate court entry of an arbitration award; parties explicitly provided that judgment "may be entered" on a final award by the arbitration tribunal. 9 U.S.C.A. § 9.

[2] T ⚖︎354

25T Alternative Dispute Resolution
    25TII Arbitration
        25TII(H) Review, Conclusiveness, and Enforcement of Award
            25Tk353 Confirmation or Acceptance by Court
                25Tk354 k. In General. Most Cited Cases
    (Formerly 33k72.1 Arbitration)
Arbitration award would be confirmed, even if there was no indication that the parties would not honor the arbitral award; no precedent was presented holding that a party had to refuse to honor an arbitral award before the award can be confirmed. 9 U.S.C.A. § 9.

[3] T ⚖︎354

25T Alternative Dispute Resolution
    25TII Arbitration
        25TII(H) Review, Conclusiveness, and Enforcement of Award
            25Tk353 Confirmation or Acceptance by Court
                25Tk354 k. In General. Most Cited Cases
    (Formerly 33k72.1 Arbitration)
Arbitration award would be confirmed, despite claim that court involvement would accomplish nothing but a waste of judicial resources; refusing to confirm the award, and thereby deferring the enforcement of the award to a later date, could only result in greater waste of judicial resources. 9 U.S.C.A. § 9.

[4] T ⚖︎356

25T Alternative Dispute Resolution
    25TII Arbitration
        25TII(H) Review, Conclusiveness, and Enforcement of Award

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-09458-LBS    Document 5-2    Filed 10/25/2007    Page 2 of 7

Not Reported in F.Supp.2d                                                                                                Page 2
Not Reported in F.Supp.2d, 2003 WL 22481379 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

25Tk353 Confirmation or Acceptance by Court

25Tk356 k. Application or Petition. Most Cited Cases

(Formerly 33k72.3 Arbitration)

Petition for confirmation of arbitration award on the last day of the filing period was appropriate. 9 U.S.C.A. § 9.

Loring I. Fenton, Sophia Tsokos, Greenberg Traurig, LLP, New York, New York, for Petitioner. Jeffrey A. Hovden, Frommer Lawrence & Haug LLP, New York, New York, for Respondent.

SCHEINDLIN, J.

## I. INTRODUCTION

*1 Petitioner Ono Pharmaceutical Co., Ltd. ("Ono") and respondent Cortech, Inc. ("Cortech") are parties to an Amended and Restated Research, Development and License Agreement (the "License Agreement").[FN1] The parties sought arbitration to interpret the License Agreement, and the arbitration tribunal entered an award on August 6, 2002.[FN2] Ono now seeks confirmation of the arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and entry of judgment on the award.

> FN1. *See* Ono's Amended Memorandum in Support of its Petition to Confirm Arbitration Award ("Ono Mem.") at 1; License Agreement, Ex. 2 to 8/5/03 Amended Affidavit of Loring I. Fenton, counsel for Petitioner, in Support of Petition to Confirm Arbitration Award ("Fenton Aff.").
>
> FN2. *See* 8/6/02 Award of Arbitrators ("Award"), Ex. 1 to Fenton Aff.

## II. FACTS[FN3]

> FN3. The following facts are undisputed, unless otherwise indicated.

Ono is a Japanese corporation engaged in the development of chemical compounds.[FN4] Cortech is a Delaware corporation also engaged in the development of such compounds.[FN5] On June 28, 1999, Ono and Cortech entered into the License Agreement, granting Ono "a license to certain Cortech technology relating to neutrophil elastase inhibitors to allow Ono to develop and commercialize an orally active neutrophil elastase inhibitor product" in various territories.[FN6] The parties provided for arbitration of disputes in the License Agreement, and agreed "that a judgment of the courts in the Arbitration Forum having jurisdiction may be entered upon the final award."[FN7]

> FN4. *See* License Agreement.
>
> FN5. *Id.*
>
> FN6. *Id.* at 1.
>
> FN7. Ex. B to License Agreement, entitled "Arbitration," ¶ (e).

Cortech commenced an arbitration with Ono on August 7, 2001, seeking a declaration that Ono was entitled to designate only one Licensed Compound as a back-up compound under the License Agreement.[FN8] Ono counterclaimed, seeking various declarations of its rights.[FN9] The arbitration occurred, with the parties' consent, in New York, New York.[FN10] The arbitration tribunal rendered its Award on August 6, 2002.

> FN8. *See* Fenton Aff. ¶ 4; Ono Mem. at 1.
>
> FN9. *See* Ono Mem. at 1-2.
>
> FN10. *See* Award at 4; 2/13/02 Procedural Order No. 3 of the Arbitration Tribunal, Ex. 5 to Fenton Aff., at ¶ 8.

The Award provides, in pertinent part, as follows. "Ono has properly designated ONO-6818 as its lead Developed Compound pursuant to paragraph 1.4(i)" of the License Agreement.[FN11] "Ono shall have the right within 20 days of this Award to designate one back-up compound from the list of 43 Licensed Compounds which it has already designated as back-up compounds."[FN12] "[T]he 15 compounds designated by Ono [as Improved Compounds] were Improved Compounds."[FN13] "Ono has exclusive

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

worldwide rights to Products containing Improved Compounds Ono designated as Developed Compounds."[FN14] "With respect to patent claims in U.S. or foreign patents jointly owned by Cortech and Ono (or solely owned by Cortech in accordance with paragraph 5.1(c) to 'maintain patent protection in the United States or any other country'), which claims are directed to Improved Compounds, Ono-P0-745-747 and 749-760, Ono has the royalty free, nonexclusive right under these patents to make, use and sell, offer to sell, and import in all countries of the world products containing Improved Compounds for non-oral indications. Ono does not however have any express or implied rights under Cortech's dominating patents to make, use and sell, offer to sell, and import Improved Compounds for use in non-oral applications."[FN15] "In accordance with paragraph 5.1(c) of the 1999 Agreement, Cortech has the non-exclusive worldwide right to make, use and sell, offer to sell, and import Improved Compounds for non-oral indications. That right is royalty-free in the United States. With respect to such manufacture, sales or use outside of the United States, Cortech must reasonably compensate Ono for Cortech's sale of product(s) containing Improved Compounds which are covered by an unexpired patent claiming Ono's improvement or modification, which patents include foreign patents jointly owned by Cortech and Ono or solely owned by Cortech in accordance with paragraph 5.1(c) to 'maintain patent protection in ... any other country.'"[FN16] "Ono's rights to Improved Compounds and designated Developed Compounds includes all isomers and mixtures thereof."[FN17] "[T]he Cortech November 30, 2001, Notice of Termination is null and void and without effect."[FN18] The tribunal also decreed that the compensation and expenses of the arbitrator, totaling $168,336.99, should be borne equally by the parties, and that the administrative fees and expenses of the American Arbitration Association, in the amount of $6,500.00 should likewise be borne equally.[FN19]

FN11. Award at 1.

FN12. *Id.*

FN13. *Id.* at 2.

FN14. *Id.* at 3.

FN15. *Id.*

FN16. *Id.*

FN17. *Id.*

FN18. *Id.* at 4.

FN19. *Id.*

*2 Ono now seeks confirmation of the August 6, 2002 award. The parties have agreed to jurisdiction and venue in the Southern District of New York for this confirmation proceeding.[FN20]

FN20. *See* Fenton Aff., Exs. 3, 4.

### III. LEGAL STANDARD

The confirmation of an arbitration award is a summary proceeding that converts a final arbitration award into a judgment of the court.[FN21] "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."[FN22] "A court is required to confirm the award unless a basis for modification or vacatur exists."[FN23] The FAA lists specific instances where an award may be vacated.[FN24] In addition, the Second Circuit has recognized that a court may vacate an arbitration award that was rendered in "manifest disregard of the law."[FN25] However, "review for manifest error is severely limited."[FN26] To find manifest disregard, a court must find that: "(1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case."[FN27]

FN21. *See Yusef Ahmed Algahanim & Sons v. Toys "R" Us, Inc.,* 126 F.3d 15, 23 (2d Cir.1997) (citing *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 176 (2d Cir.1984)).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FN22.*Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.,* 103 F.3d 9, 12 (2d Cir.1997) (quotation marks omitted); *see also Raiola v. Union Bank of Switzerland, LLC,* 230 F.Supp.2d 355, 357-58 (S.D.N.Y.2002).

FN23.*Insurance Co. of North America v. Ssangyong Eng'g & Const. Co.,* No. 02 Civ. 1484, 2002 WL 377538, at *4 (S.D.N.Y. Mar. 11, 2002).

FN24. The statutory grounds for vacatur listed in the FAA are: (1) the award was procured by corruption, fraud or undue means; (2) the arbitrators exceeded their powers or "so imperfectly executed [their powers] that a mutual, final, and definite award upon the ... matter submitted was not made;" (3) the arbitrator was guilty of "misconduct in ... refusing to hear evidence pertinent and material to the controversy;" (4) the arbitrators exhibited "evident partiality" or "corruption;" or (5) the arbitrators were guilty of "misconduct in refusing to postpone the hearing, upon sufficient cause shown," or guilty of "any other misbehavior" that prejudiced the rights of any party. *See Raiola,* 230 F.Supp.2d at 358 n. 2; 9 U.S.C. § 10(a). Cortech does not argue that any of these provisions apply.

FN25.*See Greenberg v. Bear, Stearns & Co.,* 220 F.3d 22, 28 (2d Cir.2000).

FN26.*Id.*

FN27.*Id.*

"In very limited situations, a court may vacate an award because arbitrators have manifestly disregarded the evidence."[FN28] However, "judicial review of an arbitrator's factual determinations is quite limited."[FN29] "A court may only vacate an arbitrator's award for manifest disregard of the evidence if 'there is strong evidence contrary to the findings of the arbitrator and the arbitrator has not provided an explanation of his decision.",[FN30] "A court may not review the weight the arbitration panel accorded conflicting evidence."[FN31] "Nor may a court question the credibility findings of the arbitrator."[FN32]

FN28.*McDaniel v. Bear Stearns & Co., Inc.,* 196 F.Supp.2d 343, 351 (S.D.N.Y.2002).

FN29.*Beth Israel Med. Ctr. v. Local 814,* No. 99 Civ. 9828, 2000 WL 1364367, at *6 (S.D.N.Y. Sept.20, 2000).

FN30.*McDaniel,* 196 F.Supp.2d at 351 (quoting *Beth Israel Med. Ctr.,* 2000 WL 1364367, at *6).

FN31.*Id.; see also Sobol v. Kidder, Peabody & Co., Inc.,* 49 F.Supp.2d 208, 216 (S.D.N.Y.1999).

FN32.*McDaniel,* 196 F.Supp.2d at 351 (citing *Beth Israel Med. Ctr.,* 2000 WL 1364367, at *6; *Greenberg,* 1999 WL 642859, at *1).

IV. DISCUSSION

Cortech argues that Ono's petition for confirmation is improper for the following reasons: "the parties' agreement does not mandate court entry of the [arbitration] award" as required by the FAA for summary confirmation; "there is no indication that the parties will not honor the arbitral award"; and "court involvement now would accomplish nothing but a waste of judicial resources."[FN33] Cortech also underscores the fact that Ono petitioned for confirmation just before the end of the one-year statute of limitations under 9 U.S.C. § 9. None of Cortech's arguments justifies a denial of confirmation.

FN33.*See* 5/26/03 Cortech's Opposition to Ono's Amended Memorandum ("Cortech Opp.") at 2.

A. The Parties' Agreement to Entry of Judgment

[1] The FAA states, in pertinent part:

Case 1:07-cv-09458-LBS   Document 5-2   Filed 10/25/2007   Page 5 of 7

Not Reported in F.Supp.2d                                                                                           Page 5
Not Reported in F.Supp.2d, 2003 WL 22481379 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.FN34

FN34. 9 U.S.C. § 9.

*3 Cortech asserts that such language requires summary confirmation of arbitration awards only where the parties' agreement explicitly mandates judicial confirmation.FN35 In the instant case, the License Agreement reflected an agreement "that a judgment of the courts in the Arbitration Forum having jurisdiction *may* be entered upon the final award."FN36

FN35. *See* Cortech Opp. at 3.

FN36. Ex. B to License Agreement, ¶ (e) (emphasis added).

Cortech cites the Second Circuit's decision in *Varley v. Tarrytown Assocs., Inc.,* for the proposition that, for a federal court to confirm an arbitration award, "the parties must have further agreed that judgment shall be entered upon the award."FN37 Cortech interprets *Varley* to require that any clause governing resort to a court for confirmation of an arbitral award must be explicit and imperative to be effective. The *Varley* holding, though, is inapposite. In *Varley,* the parties, while providing for the settlement of controversies by arbitration, remained silent on the topic of confirmation of such an arbitral award.FN38 In this case, however, the parties explicitly provided that judgment "may be entered" on a final award by the arbitration tribunal.FN39 Such language is sufficient to trigger 9 U.S.C. § 9. "If an arbitration agreement states that judgment may be entered on the arbitration award, the award must be judicially confirmed upon the timely request of one of the parties unless there is a basis for modifying, vacating, or correcting it."FN40

FN37. *Varley v. Tarrytown Assocs., Inc.,* 477 F.2d 208, 210 (2d Cir.1973).

FN38. *See id.* at 209 (parties' agreement regarding arbitration provided solely that "Any controversy arising under this agreement or breach thereof shall be settled by arbitration pursuant to the rules of the American Arbitration Association," without any reference to the rights of any party to seek summary confirmation).

FN39. Ex. B to License Agreement, ¶ (e).

FN40. *Cambridge Int'l Trading, Inc. v. Tigris Int'l Corp.,* No. 99 Civ. 10245, 2000 WL 288354, at *1 (S.D.N.Y. Mar.17, 2000) (citations omitted) (confirming award where arbitration agreement included the language "judgment may be entered on any [arbitration] award"); *see also* *Trade & Transport, Inc. v. Natural Petroleum Charterers Inc.,* 738 F.Supp. 789, 790 (S.D.N.Y.1990); *Concourse Beauty School v. Polakov,* 685 F.Supp. 1311, 1313 (S.D.N.Y.1988).

B. Violation of the Arbitral Award

[2] Cortech further contends that, because neither party is currently refusing to honor the arbitral award, "Ono's petition for confirmation by this Court is neither needed nor justified."FN41 Cortech cannot, however, muster any Second Circuit precedent holding that a party must refuse to honor an arbitral award before the award can be confirmed.FN42 Cortech sets forth no basis for vacatur or modification of the Award; indeed, Cortech's purported willingness to abide by the strictures of the Award supports the position that no such basis exists.FN43 Absent a valid basis for refusing to do so, this Court must affirm the Award.FN44

FN41. Cortech Opp. at 5.

FN42. Cortech instead relies on the First Circuit case of *Derwin v.. General Dynamics Corp.,* 719 F.2d 484, 490 (1st Cir.1983). In *Derwin,* the First Circuit declined to confirm a three-year-old arbitration award regarding a collective bargaining agreement, noting that "where the parties have agreed to arbitrate disputes over the meaning of their collective bargaining agreements, established labor policy significantly restricts the role of the federal courts."*Id.* at 491.Even in recognizing a special limitation on the power of the federal courts to add their imprimatur to arbitral awards in the collective bargaining context, *Derwin* stated that confirmation of such an award is proper "where an arbitral award is both clearly intended to have a prospective effect and there is no colorable basis for denying the applicability of the existing award to a dispute at hand."*Id.* Even under such a limiting standard, confirmation of the Award in this case would be appropriate; it is clearly intended to have a prospective effect and it explicitly governs matters of ongoing dispute between the parties. *See* Award ¶ II; Exs. 4-9 to 9/9/03 Reply Affidavit of Loring I. Fenton ("Fenton Rep. Aff.").

FN43.*See* Cortech Opp. at 5.

FN44.*SeeInsurance Co. of North America,* 2002 WL 377538, at *4.

C. Waste of Judicial Resources

[3] Cortech concludes by noting that the Award, even without summary confirmation under 9 U.S.C. § 9, is *resjudicata* and may be legally enforced by an action at law independent of 9 U.S.C. § 9.FN45 Therefore, according to Cortech, summary confirmation at this time is unnecessary and would be "an unjustified waste of judicial resources."FN46 However, 9 U.S.C. § 9 itself streamlines the enforcement of arbitral awards. "An action at law is not identical to the summary confirmation proceeding established by the FAA, which was intended to streamline the process and eliminate certain defenses."FN47 Cortech's opposition to this summary proceeding, especially given its contention that "neither party challenges the arbitral award," itself needlessly occupies more of this Court's time than would an unopposed petition for confirmation.FN48 Refusing to confirm the award now, and thereby deferring the enforcement of the Award to a later date, could only result in greater waste of judicial resources.

FN45.*SeePhotopaint Technologies, LLC v. Smartlens Corp.,* 335 F.3d 152, 159 (2d Cir.2003) (acknowledging that an action at law is a valid alternative means of enforcing an arbitral award); *Folkways Music Publishers, Inc. v. Weiss,* No. 90 Civ. 6514, 1992 WL 230192, at *6 (S.D.N.Y. Aug.31, 1992) ("the award renders these issues *resjudicata"* ).

FN46. Cortech Opp. at 5.

FN47.*Photopaint Technologies,* 335 F.3d at 159.

FN48.*See* Cortech Opp. at 5.

D. Timeliness

*4 [4] Cortech makes much of the fact that Ono petitioned for confirmation on the last day of the filing period.FN49 However, an action taken on the last day such an action is appropriate is, by definition, appropriate. Indeed, the one year limitation period pursuant to 9 U.S.C. § 9 is effective precisely because the summary confirmation mechanism is advantageous to a party seeking confirmation and enforcement of an arbitral award.FN50 Denying such advantages to a party whose "lackadaisical approach to its petition" results in a filing within the year allotted by Congress would needlessly confound the legislative purposes of 9 U.S.C. § 9, and the Court declines to do so.FN51

FN49.*See* Cortech Opp. at 2, 5.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-09458-LBS    Document 5-2    Filed 10/25/2007    Page 7 of 7

Not Reported in F.Supp.2d                                                                                              Page 7
Not Reported in F.Supp.2d, 2003 WL 22481379 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

FN50. *SeePhotopaint Technologies,* 335 F.3d at 159-160 ("It was therefore not 'futile' for Congress to have specified a statute of limitations for the filing of summary proceedings: consistent with the wording of the statute, a party to an arbitration is entitled to the benefits of the streamlined summary proceeding only if, as it may do, it files at any time within one year after the award is made.").

FN51. Cortech Opp. at 5.

### V. CONCLUSION

For the reasons set forth above, the arbitration award issued August 6, 2002 is hereby confirmed. Judgment will be entered consistent with the arbitration award. The Judgment Clerk is hereby directed to prepare a judgment in accordance with this opinion. The Clerk is directed to close this motion and this case.

S.D.N.Y.,2003.
Ono Pharmaceutical Co., Ltd. v. Cortech, Inc.
Not Reported in F.Supp.2d, 2003 WL 22481379 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.