UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Arbitration
Between

CONOPCO, INC.

         Petitioner,

   vs.            Civil Action No. 07-Civ-9458
                     (LBS)

LORNAMEAD BRANDS, INC.,

         Respondent.

---

### DECLARATION OF RICHARD T. SULLIVAN, ESQ IN SUPPORT OF RESPONDENT'S MOTION FOR A STAY OF ENFORCEMENT OF ARBITRATION AWARD AND JUDGMENT

RICHARD T. SULLIVAN, ESQ declares as follows:

1. I am an attorney licensed to practice law in the State of New York and a member of the firm of Harris Beach PLLC, the attorneys for Lornamead, Inc ("Lornamead"), the Respondent in this Proceeding.

2. I am personally familiar with the facts stated in this Declaration.

3. I make this Declaration in support of Lornamead's motion pursuant to 9 USCA Section 12 for a stay of an Arbitration Award and Judgment entered in this Proceeding pending a determination of an action commenced in this Court by Lornamead against the Petitioner, Conopco, Inc. ("Conopco").

4. This proceeding was commenced by Conopco to confirm an October 12, 2007 Arbitration Award of KPMG LLC against Lornamead ("Award"). A copy of the award is annexed hereto as Exhibit "A".

HARRIS BEACH
ATTORNEYS AT LAW

5.  The Award was entered pursuant to the terms of a certain March 24, 2006 Asset Purchase Agreement between Lornamead and Conopco ("Agreement"). A copy of the Agreement is annexed hereto as Exhibit "B". The sale of the Conopco Assets to Lornamead closed on April 26, 2006.

6.  Basically, the Agreement provided that Lornamead would purchase the assets of Conopco for a "Base Purchase Price" of $40,000,000. The assets included, among other things, all trademarks, trademark registrations and applications relating to the "Finesse Brand" and "Aqua Net Brand" of hair care products, except the Aqua Net Brand in Mexico.

7.  Section 5.06 of the Agreement provided for "Additional Payments" for the Transferred Assets if 2006 Calendar Year Finesse U.S. Brands sales exceeded $27,500,000. They included a "2006 "Fixed Payment" of $4,250,000 and a "Variable Payment".

8.  Section 5.06 (d)(i) of the Agreement provided for the submission of any disputes relating to the Additional Payments to KPMG for a "final and binding . . . arbitral award".

9.  There is no other arbitration provision in the Agreement. The only dispute subject to arbitration relates to the Additional Payments. Section 11.10 of the Agreement provides that any dispute arising there from shall be brought "exclusively in the United States District Court for the Southern District of New York".

10. The Award determined that Lornamead owed Conopco $5,564,302.99 as the Additional Payment under Section 5.06 of the Agreement.

11. Following receipt of the Award Jon Osborne, Lornamead's Chief Operating Officer, wrote Conopco's representative, and reminded him that there were disputes under the Agreement relating to four issues: the failure to account for trade and promotional accruals for 2006 sales, the failure to provide the necessary forms to transfer trademarks in three countries (Costs Rica, El Salvador, and Guatemala), the failure to provide books, records and files

HARRIS BEACH
ATTORNEYS AT LAW

including the necessary information to pursue certain tax refunds in Canada, and the breach of certain representations and warranties relating to a major customer, Wal-Mart. A copy of the letter is annexed hereto as Exhibit "C".

12. The amount claimed by Lornamead to be due under the Agreement, excluding the Wal-Mart claim, is in excess of $5,000,000.

13. Lornamead acknowledged its obligation for the full amount of the Award and agreed to make a net payment of $3,014,644.49 within five days of the date of the Award. It made that payment on October 19, 2007.

14. Conopco commenced this Proceeding to confirm the remaining amount of the award after the Lornamead payment. That amount is $2,549,658.50.

15. As counsel for Lornamead, I informed Conopco's attorney, John Beerbower, that my client would not object to the entry of a Judgment confirming the Award. The Judgment was approved by me (Exhibit "D") and entered on November 15, 2007 (Exhibit "E").

16. As Lornamead could not present its claims against Conopco in the Arbitration, it has commenced an action in this Court to recover damages for the claims set forth in the October 17, 2007 letter (the "Civil Action", Exhibit "F").

17. Lornamead is now requesting that the Court stay enforcement of the Judgment pending determination of its claims in the pending action. There is support for this request in the Agreement.

18. Article VI of the Agreement is entitled "Conditions to Closing". Section 6.02 imposes conditions upon Lornamead's obligation to pay for the Transferred Assets. Two of those conditions relate to Conopco's Representations and Warranties (Section 6.02(a)) and the performance of its obligations (Section 6.02 (b)).

19. Although the Conditions relate to pre-closing and closing issues, there were several post-closing activities relating to the computation and payment of the Purchase Price, including the Additional Payment that would not be determined until, at the earliest, February 2007.

20. Lornamead's obligation to pay the Purchase Price, including the Additional Payments is contingent upon Conopco's compliance with the terms and conditions of the Agreement. The issues presented in the Civil Action could not be raised in the Arbitration; however, they directly relate to the obligation to pay the Purchase Price, including the amount of the Award.

21. A stay of enforcement of the Award is appropriate under these circumstances and required by the terms of the Agreement. The limited issue in the Arbitration permitted Conopco to separate its claim from all of the issues arising under the Agreement. The Lornamead claims would have been the subject of a mandatory counterclaim absent the limited Arbitration provision in the Agreement.

22. It is clear that requiring Lornamead to pay the Award while its claims under the Agreement are pending would be a violation of those provisions of the Agreement relating to the obligation to pay the Purchase Price. Execution on the Judgment would permit Conopco to collect what it claims is the Purchase Price without regard to its obligations under Article VI of the Agreement.

Dated: Buffalo, New York
November 17, 2007

Richard T. Sullivan