UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between<br><br>CONOPCO, INC.<br><br>                            Petitioner,<br><br>        vs.<br><br>LORNAMEAD BRANDS, INC.,<br><br>                            Respondent. | 07-Civ-09458 (LBS) |

**CONOPCO'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENT'S MOTION FOR A STAY OF ENFORCEMENT OF ARBITRATION AWARD AND JUDGMENT**

                                          John E. Beerbower
                                     CRAVATH, SWAINE & MOORE LLP
                                          Worldwide Plaza
                                          825 Eighth Avenue
                                              New York, NY 10019-7475
                                                  (212) 474-1000

                                     *Attorneys for Petitioner Conopco, Inc.*

November 26, 2007

Petitioner Conopco, Inc. ("Conopco") submits this memorandum in opposition to Respondent Lornamead Brands, Inc. ("Lornamead") motion to stay enforcement of this Court's judgment entered on November 15, 2007.

## PRELIMINARY STATEMENT

Respondent's motion does not comply with the local civil rules, is made pursuant to the wrong authority and is totally without merit. Because it does not comply with the local rules, the motion should be denied. Even if the motion were considered, it should be denied because the arguments therein rely upon inapplicable statutory authority and directly conflict with the Agreement between the parties.

## STATEMENT OF FACTS

On March 24, 2006, Conopco and Lornamead Brands, Inc. ("Lornamead") entered into an Asset Purchase Agreement ("Agreement") whereby Conopco agreed to sell and Lornamead agreed to buy certain hair care product businesses, including Finesse and Aqua Net, to be added to Lornamead's portfolio of health and beauty products. The Agreement was amended and the transaction closed on April 26, 2006.

The Agreement specifies that the Agreement and any disputes related to it are governed by New York law. (Agreement § 11.09, Declaration of Richard T. Sullivan in Support of Respondent's Motion for a Stay of Enforcement of Arbitration Award and Judgment ("Sullivan Decl.") Ex. B.)

Pursuant to Section 5.06 of the Agreement, Lornamead was to make certain payments in addition to the purchase price to Conopco that depended on the Calendar Year 2006 financial results of the Finesse business. Under the Agreement, if a dispute arose as to the calculation of this specific payment, the parties were to submit the dispute to KPMG LLC ("KPMG") to determine the amount owed. The Agreement

2

requires the payment to be made within 5 business days of the "final and binding" determination of the amount due. (Agreement § 5.06(e), Sullivan Decl. Ex. B.)

For any other issue arising from the transaction, the Agreement specified that, after closing, the purchaser's "sole and exclusive remedy with respect to any and all claims . . . shall be pursuant to the indemnification provisions set forth in this Article VIII." (Agreement § 8.04(c), Sullivan Decl. Ex. B.) Such issues are not made subject to arbitration.

A dispute arose between the parties under Section 5.06. Pursuant to the Agreement, the parties submitted the dispute to KPMG. On October 12, 2007, KPMG issued a Final Determination and Award ("Award") that requires Lornamead to pay Conopco $5,564,302.99. (Sullivan Decl. Ex. A.) Under the Agreement, payment was due by October 19, 2007.

On October 17, 2007, Lornamead informed Conopco through a letter that it would unilaterally deduct certain offsets from the Award for amounts Conopco allegedly owed to Lornamead and would only make a wire payment of $3,014,644.49. (Sullivan Decl. Ex. C.) That payment was $2,549,658.50 less than the amount of the Award.

On October 23, 2007, Conopco filed this proceeding to confirm the Award and obtain a judgment for the amounts still due under the Award. Lornamead did not oppose Conopco's petition to confirm the Award and gave its consent to entry of judgment. (Sullivan Decl. Ex. D.) Accordingly, this Court entered judgment against Lornamead on November 15, 2007. (Sullivan Decl. Ex. E.)

On November 20, 2007, Conopco was served with a complaint filed by Lornamead, which purports to seek recovery of damages for the claims set forth in the October 17, 2007 letter. (Sullivan Decl. Ex. F.) On November 20, Conopco was also served with this motion seeking to stay the enforcement of the November 15 judgment.

## ARGUMENT

### I. The Motion is Procedurally Defective.

Lornamead's motion was served on Tuesday, November 20, 2007, with a return date of November 29, 2007. Local Civil Rule 6.1(b) provides that answering papers are due 10 business days from service. This Court's individual practice rules require motions to be served on the Monday 10 days prior to the return date. (Rule 2(D).) Lornamead's motion also does not comply with Local Civil Rule 7.1, which requires motions to be accompanied by a Memorandum of Law. Local Civil Rule 7.1 provides that willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion.

### II. The Motion is Based on an Inapplicable Statute.

Lornamead has utilized an inapplicable statutory basis to move for stay of the enforcement of judgment.

Lornamead's motion is made pursuant to Section 12 of the Federal Arbitration Act ("FAA"), codified at 9 U.S.C. § 12. That section relates to motions seeking to stay the enforcement of an arbitration award. Lornamead, however, attempts here to stay the enforcement not of an arbitration award, but of this Court's judgment (to which it gave its consent). (Sullivan Decl. ¶ 15.)

Rule 62 of the Federal Rules of Civil Procedure provides for the stay of enforcement of a judgment. However, it is clear from the declaration of Richard T.

4

Sullivan ("Sullivan Declaration") that there is no basis for a stay pursuant to Fed. R. Civ. P. 62. See Blue Tee Corp. v. Koehring Co., 763 F.Supp. 754, 757 (S.D.N.Y. 1991) (requiring a showing of extraordinary circumstances under Fed. R. Civ. P. 60 and Fed. R. Civ. P. 62 to stay the enforcement of a judgment confirming an arbitration award); Cf. Katz v. Feinberg, No. 99 Civ. 11705, 2001 WL 1132018, at *2 (S.D.N.Y. Sep. 24, 2001) (finding that respondent showed sufficient hardship or inequity and irreparable injury to stay the enforcement of a judgment confirming an arbitration award). The All Writs Act, 28 U.S.C. 1651(a), could give the Court authority to stay enforcement of the judgment, but the Sullivan Declaration provides no basis for a stay pursuant thereto. Cf. Katz at *2-*3 (relying on inherent authority to grant stay.)

### III. The Requested Relief Directly Conflicts with the Agreement between the Parties.

The asserted justification for the relief Lornamead seeks is directly inconsistent with the Agreement between the parties. The Sullivan Declaration's central assertion, without citation to the Agreement, is that the stay is "required by the terms of the Agreement" because the claims raised in the complaint served on November 20, 2007, "would have been the subject of a mandatory counterclaim absent the limited Arbitration provision in the Agreement". (Sullivan Decl. ¶ 21.) This argument fails to support the requested relief.

Whatever the situation might have been "absent the limited Arbitration provision in the Agreement", Lornamead agreed to a contract under which disputes regarding purchase price adjustments are handled separately from other disputes. Specifically, Section 8.04(c) of the Agreement provides that after the closing on April 26, 2006, any claims arising from the Agreement are subject to the indemnification

5

procedures in Article VIII; disputes relating to the purchase price adjustment, however, are carved out from Article VIII and subject to resolution by mandatory arbitration pursuant to Section 5.06. Once the arbitration award is "final and binding", additional payment must be made within 5 business days. (Agreement §5.06(e), Sullivan Decl. Ex. B.) Even if Lornamead is correct that absent the specific provision of this Agreement, it might have had a right to assert an offset, it is this Agreement that Lornamead signed. The request that the Court now re-write the Agreement negotiated between two sophisticated commercial entities so as to create a right of offset that the Agreement does not recognize should be rejected.

\*   \*   \*

The motion should be denied because it is procedurally defective. In any event, Lornamead makes no assertions relevant to a request for a stay of enforcement. If Lornamead properly follows the indemnification procedures in Article VIII, a court will resolve the claims raised in its complaint in due course. There is no suggestion that Lornamead will then be unable to collect any amounts to which it may be entitled but which are disputed by Conopco. See, e.g., Katz. Meanwhile, Lornamead should make the payment on the basis it agreed and pursuant to the judgment entered by this Court on consent.

## CONCLUSION

For the foregoing reasons, the Court should deny Lornamead's motion to stay enforcement of the judgment.

Dated: November 26, 2007

          Respectfully submitted,

          CRAVATH, SWAINE & MOORE LLP,

by   */s/ John E. Beerbower*
        John E. Beerbower
        Member of the Firm

      Attorneys for Petitioner Conopco, Inc.
          Worldwide Plaza
          825 Eighth Avenue
           New York, NY 10019-7475
           (212) 474-1000